UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE WATTLES COMPANY, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Arizona corporation; VERLAN FIRE INSURANCE COMPANY, a New Hampshire corporation; CRUM & FORSTER SPECIALTY INSURANCE COMPANY, a New Jersey corporation; AGCS MARINE INSURANCE COMPANY, an Illinois corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; LANDMARK AMERICAN INSURANCE COMPANY, an Oklahoma corporation; ADMIRAL INSURANCE COMPANY, a Delaware corporation; ARROWOOD SURPLUS LINES INSURANCE COMPANY f/k/a ROYAL SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; TRANSAMERICA INSURANCE COMPANY n/k/a TIG INSURANCE COMPANY, a California corporation; WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation; WESTCHESTER SURPLUS | USDC CASE NO. 2:14-CV-00160<br><br>COMPLAINT |

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 1 of 11



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

| | |
|---|---|
| 1 | LINES INSURANCE COMPANY f/k/a INDUSTRIAL INSURANCE COMPANY OF HAWAII, LTD., a Pennsylvania corporation; NORTHFIELD INSURANCE COMPANY, an Iowa corporation; AMERICAN STATES INSURANCE COMPANY, an Indiana corporation; and DOES 1-5, |
| | Defendants. |

Plaintiff The Wattles Company ("Wattles") alleges as follows:

## I. INTRODUCTION

1. This is an action for breach of insurance contract, declaratory relief, and damages with respect to property insurance policies issued to Wattles by the defendants and covering the real property located at 1901 – 2001 Fryar Avenue in Sumner, Washington (the "Property") owned by Wattles. The Property has sustained direct physical losses and/or damages and remediation costs due to perils covered, and not excluded, by the policies of insurance identified below. As a direct and proximate result of the covered physical losses and/or damages, the Property and Wattles have incurred and/or will incur other losses and damages, including but not limited to investigation and repair costs, remediation and restoration costs, loss of business and rental income, extra expenses, attorneys' and consultants' fees and costs, and other costs, liabilities, and expenses.

2. The direct physical losses and/or damages to the Property and other covered losses and damages were sustained during period(s) covered by the property insurance policies issued by the defendants, and were caused by or resulted from a peril or perils covered by these policies. Defendants have wrongfully refused to properly investigate or acknowledge coverage under these policies for the damages, losses, costs, fees, liabilities, and expenses incurred or to be incurred by Wattles regarding the Property.

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 2 of 11

**HEFFERNAN** LAW GROUP PLLC

1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

1  3. Accordingly, Wattles seeks an award of damages for breach of contract against defendants, and each of them, as well as declaratory judgment against defendants, and each of them, regarding the rights, duties, and liabilities of the parties regarding the Property under the property insurance policies issued by defendants to Wattles.

## II.  THE PARTIES

4. **Plaintiff.**  The Wattles Company is a Washington corporation organized under the laws of Washington with its principal place of business in King County, Washington.

5. **Defendants.**  Defendants are insurance companies that, during the relevant time period, engaged in the business of selling property insurance policies to Wattles.  The policies of insurance issued by Defendants to Wattles (the "Property Insurance Policies") insure against all risks of loss at the Property, and the loss herein is not excluded.

6. Defendant Scottsdale Insurance Company ("Scottsdale") is an Arizona corporation organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona.  Scottsdale is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington.  The Scottsdale policies at issue and covering the Property are as follows:

  6.1 Scottsdale policy number CFS0115693, effective from November 1, 1996 to November 1, 1997;

  6.2 Scottsdale policy number CFS0132963, effective from November 1, 1997 to November 1, 1998;

  6.3 Scottsdale policy number CFS0147678, effective from November 1, 1998 to November 1, 1999; and

  6.4 Scottsdale policy number CFS0167748, effective from November 1, 1999 to November 1, 2000.

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 3 of 11



HEFFERNAN
LAW GROUP PLLC

1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

7. Defendant Verlan Fire Insurance Company ("Verlan") is a corporation organized under the laws of New Hampshire with its principal place of business in Bedford, New Hampshire. Verlan is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The Verlan policies at issue and covering the Property are as follows:

   7.1  Verlan policy number M00275711, effective from November 1, 2011 to November 1, 2012; and

   7.2  Verlan policy number M00275712, effective from November 1, 2012 to November 1, 2013.

8. Defendant Crum & Forster Specialty Insurance Company ("Crum & Forster") is a corporation organized under the laws of New Jersey with its principal place of business in Morristown, New Jersey. Crum & Forster is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The Crum & Forster policies at issue are and covering the Property as follows:

   8.1  Crum & Forster policy number PPP0029950, effective from November 1, 2005 to November 1, 2006;

   8.2  Crum & Forster policy number PPP0034670, effective from November 1, 2006 to November 1, 2007;

   8.3  Crum & Forster policy number PPP0043580, effective from November 1, 2007 to November 1, 2008; and

   8.4  Crum & Forster policy number PPP0056460, effective from November 1, 2008 to November 1, 2009.

9. Defendant AGCS Marine Insurance Company ("AGCS") is a corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois. AGCS is, and was at all times relevant to this Complaint, an authorized insurer in the State of

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 4 of 11



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

1  Washington. The AGCS policy at issue and covering the Property is AGCS policy number MXI93025341, effective from November 1, 2010 to November 1, 2011.

10. Defendant Fireman's Fund Insurance Company ("FFIC") is a corporation organized under the laws of California with its principal place of business in Novato, California. FFIC is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The FFIC policies at issue and covering the Property are as follows:

    10.1 FFIC policy number MXX80172426, effective from November 1, 1986 to November 1, 1987;

    10.2 FFIC policy number MXX80258637, effective from November 1, 1987 to November 1, 1988; and

    10.3 FFIC policy number MXI93011524, effective from November 1, 2009 to November 1, 2010.

11. Defendant Landmark American Insurance Company ("Landmark") is a corporation organized under the laws of Oklahoma with its principal place of business in Oklahoma City, Oklahoma. Landmark is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The Landmark policies at issue and covering the Property are as follows:

    11.1 Landmark policy number LHD408423, effective from November 1, 2003 to November 1, 2004; and

    11.2 Landmark policy number LHD410359, effective from November 1, 2004 to November 1, 2005.

12. Admiral Insurance Company ("Admiral") is a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. Admiral is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The Admiral policies at issue and covering the Property are as follows:

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 5 of 11



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150  •  Fax: 425.284.1147

    12.1    Admiral policy number S00AP08184, effective from November 1, 2000 to November 1, 2001; and

    12.2    Admiral policy number S01AP10006, effective from November 1, 2001 to November 1, 2002.

13.    Defendant Arrowood Surplus Lines Insurance Company f/k/a Royal Surplus Lines Insurance Company ("Arrowood") is a corporation organized under the laws of Delaware with its principal place of business in Charlotte, North Carolina. Arrowood is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The Arrowood policy at issue and covering the Property is Arrowood policy number K2HD407061, effective from November 1, 2002 to November 1, 2003.

14.    Defendant Transamerica Insurance Company n/k/a TIG Insurance Company ("TIG") is a corporation organized under the laws of California with its principal place of business in Manchester, New Hampshire. TIG is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The TIG policies at issue and covering the Property are as follows:

    14.1    TIG policy number T730305511, effective from November 1, 1988 to November 1, 1989;

    14.2    TIG policy number T730797373, effective from November 1, 1989 to November 1, 1990;

    14.3    TIG policy number T730812242, effective from November 1, 1990 to November 1, 1991;

    14.4    TIG policy number T730812242, effective from November 1, 1991 to November 1, 1992; and

    14.5    TIG policy number T731343096, effective from November 1, 1993 to November 1, 1994.

15.    Defendant Westchester Fire Insurance Company ("Westchester") is a corporation organized under the laws of Pennsylvania with its principal place of business in

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 6 of 11



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

Philadelphia, Pennsylvania. Westchester is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The Westchester policies at issue and covering the Property are as follows:

> 15.1    Westchester policy number JA 913-2294, effective from November 1, 1993 to November 1, 1994; and
>
> 15.2    Westchester policy number JA 913-2294 and/or FPS 376793, effective from November 1, 1994 to November 1, 1995.

16.    Defendant Westchester Surplus Lines Insurance Company f/k/a Industrial Insurance Company of Hawaii, Ltd. ("Hawaii") is a corporation organized under the laws of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. Hawaii is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The Hawaii policy at issue and covering the Property is Hawaii policy number JA9124039, effective from November 1, 1992 to November 1, 1993.

17.    Defendant Northfield Insurance Company ("Northfield") is a corporation organized under the laws of Iowa with its principal place of business in Des Moines, Iowa. Northfield is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The Northfield policy at issue and covering the Property is Northfield policy number CF000446, effective from November 1, 1995 to November 1, 1996.

18.    Defendant American States Insurance Company ("American States") is a corporation organized under the laws of Indiana with its principal place of business in Indianapolis, Indiana. American States is, and was at all times relevant to this Complaint, an authorized insurer in the State of Washington. The American States policy at issue and covering the Property is American States policy number 01-CD0856459-1, effective from November 1, 1995 to November 1, 1996.

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 7 of 11

**HEFFERNAN** LAW GROUP PLLC

1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

19. Does 1-5 are foreign corporations. Does 1-5 are, and were at all times relevant to this Complaint, authorized insurers in the State of Washington. Does 1-5 issued policies of insurance to Wattles and covering the Property between November 1, 1984 and November 1, 1986, inclusive. Plaintiff has engaged in diligent efforts to identify Does 1-5, but to date has been unable to do so.

### III. JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this action pursuant to 28 USC 1332(a)(1). For purposes of diversity, Wattles is a citizen of Washington, where it is incorporated and has its principal place of business. All defendants are citizens of other states. The amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2), where the Property Insurance Policies were issued and entered into, and where the Property at issue is located.

### IV. COVERED LOSSES AND DAMAGES

21. The Property is "covered property" within the meaning of the Property Insurance Policies issued by Defendants.

22. The Property sustained direct physical losses and/or damages, including ensuing and/or resulting losses and/or damages, during the policy periods of the Property Insurance Policies and caused by a peril or perils covered by the Property Insurance Policies. The physical losses and/or damages, and ensuing and/or resulting losses and/or damages, include, but are not limited to, the following:

   22.1   Substantial impairment of structural integrity, imminent collapse, and abrupt collapse of the structural members supporting the roof structure due to hidden decay, the weight of snow, and other causes;

   22.2   Premature degradation of concrete floor slabs; and

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 8 of 11



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

  22.3 Premature degradation of concrete walls affecting the structural integrity of the Property.

23. Wattles has also incurred losses, damages, and expenses and will continue to incur other losses, damages, and expenses in connection with the physical losses and/or damages and the ensuing and/or resulting losses and/or damages to the Property, which are also covered under the Property Insurance Policies and not excluded, including but not limited to the following:

  23.1 Loss of use and loss of business income;

  23.2 Extra expense incurred to reduce the overall loss;

  23.3 Costs and expenses in repairing and replacing damaged portions of the Property;

  23.4 Necessary costs to tear-out and replace undamaged portions of the Property and debris removal to effect repairs to covered damaged portions; and

  23.5 Extra expense to remediate pollutants at the Property.

24. Wattles has provided timely notice to the Defendants concerning the covered losses and damages, and all other conditions precedent to recovery under the Property Insurance Policies have been satisfied or discharged by operation of law.

### V. BREACH OF CONTRACT, CPA VIOLATIONS, AND BAD FAITH

25. The allegations above are incorporated as though fully set forth herein.

26. Defendants breached the Property Insurance Policies by failing to properly investigate and/or to acknowledge coverage and/or to pay amounts owed to Wattles. The Defendants' failures effect an unreasonable denial of coverage, and constitute violation(s) of Washington's Consumer Protection Act RCW 19.86 *et seq.* ("CPA"), and bad faith.

27. These failures have damaged Wattles in amounts to be proven at trial. Defendants' breach(es) of the Property Insurance Policies, violation(s) of the CPA, and bad

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 9 of 11



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

faith, separately and together, relieve Wattles of any further duty to cooperate with Defendants in any further investigation regarding the losses and damages that are the subject of this lawsuit, and forfeits any and all rights of Defendants to subrogation.

28. Defendants' acts and omissions have compelled Wattles to bring this action to obtain the full benefits due Wattles under the Property Insurance Policies. Under applicable law, Wattles is entitled to be reimbursed all its reasonable attorney fees, consultant fees, and litigation expenses in amounts to be proven at trial.

### VI.  DECLARATORY RELIEF

29. All allegations above are incorporated as though fully set forth herein.

30. Physical loss or damage to property occurred at the Property during the time period in which the Property Insurance Policies were in effect. Additionally, Wattles has suffered, is suffering, or will suffer lost rental income, business income loss, extra expense, and costs and expenses in repairing the Property, along with debris removal and pollution clean-up and remediation attributable to a covered loss. All conditions precedent to coverage under the Property Insurance Policies are satisfied, waived, or are otherwise applicable. The Property Insurance Policies obligate defendants to pay Wattles for all such loss and damage, including lost rental income, business income loss, extra expense, and costs and expenses related to and associated with repairing the Property, including debris removal and pollution clean-up and remediation attributable to the covered loss.

31. An actual controversy of a justiciable nature presently exists between Wattles and the Defendants with respect to the Defendants' duties and obligations under the Property Insurance Policies, in that Wattles contends the Defendants have a duty to fully reimburse and compensate Wattles for all physical loss and damage to the Property, and resulting losses and

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 10 of 11

**HEFFERNAN** LAW GROUP PLLC

1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

1  damage. The issuance of declaratory relief will terminate the existing controversy between the
2  parties.

### VII.  PRAYER FOR RELIEF

WATTLES prays for judgment and relief as follows:

1. A declaration that there is coverage under the Property Insurance Policies for the losses and damages, including resulting and/or ensuing losses and damages, at the Property;

2. Judgment in favor of Wattles against Defendants, and each of them, in amounts to be proven at trial;

3. Treble damages under the CPA;

4. Wattles' attorney and expert expenses, fees, and costs, including, without limitation, actual attorney fees pursuant to *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991); and

5. For such further relief as the Court deems just, proper, and equitable.

DATED this 31st day of January, 2014.

By: _s/Devon M. Thurtle Anderson_
Devon M. Thurtle Anderson   WSBA #36795
Heffernan Law Group PLLC
1201 Market Street
Kirkland, WA 98033
Telephone: 425.284.1150
Fax: 425.284.1147
Email: devon@heffernanlawgroup.com
Attorneys for Plaintiff The Wattles Company

COMPLAINT
*USDC Case No.: 2:14-CV-00160*
Page 11 of 11



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147